May 1, 2017

Yellowstone Partners, LLC, David H. Hansen, Richard K. Baird, and KayLynn Dalebout (each, a "Signatory," and collectively, the "Signatories") hereby confirm and agree as follows:

That Wesco Insurance Company, ("Wesco") issued to Yellowstone Partners, LLC Policy No. WDO1429740 00 (the "Wesco Policy");

That the Signatories purport to be Insureds under the Wesco Policy;

That the Signatories have provided notice to Wesco under the Wesco Policy of a Securities and Exchange Commission Order Directing Private Investigation and Designating Officers to take Testimony, *In the Matter of Yellowstone Partners,* LLC, SL-2753 dated November 21, 2016, which asserted possible violations of Sections 206(1) and 206(2) of the Advisers Act, together with subpoenas subsequently served on the individual Signatories (the "SEC Investigation");

That Wesco has denied Policy coverage for the SEC Investigation, but has agreed, on an interim basis, to reimburse certain defense expenses pursuant to specific and full reservations of rights and pursuant to a right to seek reimbursement of all defense expenses advanced.

That the Signatories have reserved all of their rights under the Policy and the law, asserting that they are entitled to coverage under the Policy with respect to the SEC Investigation, including as to their defense costs and expenses incurred since the date that notice was provided to Wesco, after satisfaction of one $25,000 Retention;

That Section VI of the "General Terms and Conditions Applicable to all Coverage Parts of the Policy," at Section VI.A.3 provides:

> As a condition of any payment of **Defense Expenses** under this subsection, the **Insurer** may require a written undertaking on terms and conditions satisfactory to the **Insurer** guarantying the repayment of any **Defense Expenses** paid to or on behalf of any **Insured** if it is finally determined that any such **Claim** or portion of such **Claim** is not covered.

That each Signatory hereto hereby guarantees the repayment of any Defense Expenses paid to or on behalf of such Signatory if it is finally determined that the SEC Investigation or any portion of such SEC Investigation is not covered. This repayment obligation is governed by the terms of the Wesco Policy.

That this Undertaking may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. Signatures obtained by facsimile or e-mail shall be deemed to be an original signature.

Date: _April 28, 2017_____

**YELLOWSTONE PARTNERS, LLC**

By:

Eric M. Rubin

Its: Chief Executive Officer


Date: _____

David H. Hansen


Date: _____

Richard K. Baird


Date: _____

KayLynn Dalebout

Date: _____

**YELLOWSTONE PARTNERS, LLC**

By _____

Its _____

_____

Date: __May 2, 2017___

David H. Hansen

Date: _____

Richard K. Baird

Date: _____

KayLynn Dalebout

Date: _____

Date: _____

Date: _5-1-2017_

Date: _____

**YELLOWSTONE PARTNERS, LLC**

By _____

Its _____

David H. Hansen

Richard K. Baird

KayLynn Dalebout

Date: _____

Date: _____

Date: _____

Date: __5/1/2017__

**YELLOWSTONE PARTNERS, LLC**

By _____

Its _____

_____
David H. Hansen

_____
Richard K. Baird

_____
KayLynn Dalebout

April 24, 2017

Michael G. Dustin ("Signatory") hereby confirm and agree as follows:

That Wesco Insurance Company, ("Wesco") issued to Yellowstone Partners, LLC Policy No. WDO1429740 00 (the "Wesco Policy");

That the Signatory purports to be Insureds under the Wesco Policy;

That the Signatory has provided notice to Wesco under the Wesco Policy of a Securities and Exchange Commission Order Directing Private Investigation and Designating Officers to take Testimony, *In the Matter of Yellowstone Partners, LLC*, SL-2753 dated November 21, 2016, which asserted possible violations of Sections 206(1) and 206(2) of the Advisers Act, together with subpoenas subsequently served on the individual Signatories (the "SEC Investigation");

That Wesco has denied Policy coverage for the SEC Investigation, but has agreed, on an interim basis, to reimburse certain defense expenses pursuant to specific and full reservations of rights and pursuant to a right to seek reimbursement of all defense expenses advanced.

That the Signatory has reserved all of their rights under the Policy and the law, asserting that they are entitled to coverage under the Policy with respect to the SEC Investigation, including as to their defense costs and expenses incurred since the date that notice was provided to Wesco, after satisfaction of one $25,000 Retention;

That Section VI of the "General Terms and Conditions Applicable to all Coverage Parts of the Policy," at Section VI.A.3 provides:

> As a condition of any payment of **Defense Expenses** under this subsection, the **Insurer** may require a written undertaking on terms and conditions satisfactory to the **Insurer** guarantying the repayment of any **Defense Expenses** paid to or on behalf of any **Insured** if it is finally determined that any such **Claim** or portion of such **Claim** is not covered.

That the Signatory hereto hereby guarantees the repayment of any Defense Expenses paid to or on behalf of such Signatory if it is finally determined that the SEC Investigation or any portion of such SEC Investigation is not covered. This repayment obligation is governed by the terms of the Wesco Policy.

That this Undertaking may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. Signatures obtained by facsimile or e-mail shall be deemed to be an original signature.

Date: 5/9/17

Michael G. Dustin

April 24, 2017

Paul Weimer ("Signatory") hereby confirm and agree as follows:

That Wesco Insurance Company, ("Wesco") issued to Yellowstone Partners, LLC Policy No. WDO1429740 00 (the "Wesco Policy");

That the Signatory purports to be Insureds under the Wesco Policy;

That the Signatory has provided notice to Wesco under the Wesco Policy of a Securities and Exchange Commission Order Directing Private Investigation and Designating Officers to take Testimony, *In the Matter of Yellowstone Partners,* LLC, SL-2753 dated November 21, 2016, which asserted possible violations of Sections 206(1) and 206(2) of the Advisers Act, together with subpoenas subsequently served on the individual Signatories (the "SEC Investigation");

That Wesco has denied Policy coverage for the SEC Investigation, but has agreed, on an interim basis, to reimburse certain defense expenses pursuant to specific and full reservations of rights and pursuant to a right to seek reimbursement of all defense expenses advanced.

That the Signatory has reserved all of their rights under the Policy and the law, asserting that they are entitled to coverage under the Policy with respect to the SEC Investigation, including as to their defense costs and expenses incurred since the date that notice was provided to Wesco, after satisfaction of one $25,000 Retention;

That Section VI of the "General Terms and Conditions Applicable to all Coverage Parts of the Policy," at Section VI.A.3 provides:

> As a condition of any payment of **Defense Expenses** under this subsection, the **Insurer** may require a written undertaking on terms and conditions satisfactory to the **Insurer** guarantying the repayment of any **Defense Expenses** paid to or on behalf of any **Insured** if it is finally determined that any such **Claim** or portion of such **Claim** is not covered.

That the Signatory hereto hereby guarantees the repayment of any Defense Expenses paid to or on behalf of such Signatory if it is finally determined that the SEC Investigation or any portion of such SEC Investigation is not covered. This repayment obligation is governed by the terms of the Wesco Policy.

That this Undertaking may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. Signatures obtained by facsimile or e-mail shall be deemed to be an original signature.

Date: 5.9.17

Paul Weimer